IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01363-WYD

JOSE ARTURO PENA,

    Applicant,

v.

S. HARTLEY, Warden, Arkansas Valley Corr. Fac., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant, Jose Arturo Pena, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Pena, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 24, 2012.  Mr. Pena is challenging the validity of his conviction and sentence in Case No. 93CR1195 in the Adams County District Court.

    On June 7, 2012, Magistrate Judge Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  On June 26, 2012, Respondents filed a Pre-Answer Response.  Mr. Pena has not filed a Reply.

The Court must construe liberally the Application filed by Mr. Pena because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be dismissed in part.

**I.    Background and State Court Proceedings**

Mr. Pena was convicted by a jury of one count of first degree murder, and he was later sentenced to life imprisonment in the custody of the Colorado Department of Corrections. Pre-Answer Resp. at 1-2. Mr. Pena filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court on October 13, 2005. *See People v. Pena*, No. 02CA0413 (Colo. App. October 13, 2005) (unpublished opinion) (Pre-Answer Resp. at Ex. N). Mr. Pena sought rehearing in the appellate court, which was denied. Pre-Answer Resp. at Ex. L. The Colorado Supreme Court denied certiorari review on September 11, 2006. *Id.* at Ex. J.

On August 30, 2007, Mr. Pena filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(c). Pre-Answer Resp. at Ex. A, p. 7. After a hearing, the trial court denied the Rule 35(c) motion on January 28, 2009. *Id.* at 5. Mr. Pena filed an appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court on September 29, 2011. *See People v. Pena*, No. 09CA0325 (Colo. App. Sept. 29, 2011) (unpublished opinion) (Pre-Answer Resp. at Ex. E). The Colorado Supreme Court denied certiorari review on March 5, 2012. Pre-Answer Resp. at Ex. C.

Mr. Pena initiated the instant action in this Court on May 24, 2012. In the Application, Mr. Pena asserts the following claims:

      1.  The trial court erred when it failed to suppress Mr. Pena's custodial statement to a detective.

      2.  The trial court violated Mr. Pena's constitutional rights to confrontation and to a fair trial when it erroneously permitted as *res gestae* hearsay testimony of an alleged prior assault and sexual assault on a child.

      3.  The trial court erred when it refused to instruct the jury on the credibility of child hearsay.

      4.  The introduction of inadmissible and prejudicial evidence deprived Mr. Pena of his right to a fair trial.

      5.  The trial court erred in admitting prejudicial post-mortem photographs of the victim.

      6.  Mr. Pena received ineffective assistance of counsel.

      7.  The cumulative effect of the errors denied Mr. Pena of his right to a fair trial.

Respondents concede, and the Court agrees, that the action is timely under 28 U.S.C. § 2244(d). Respondents also concede that claim 1, a portion of claim 2, and claim 6 are exhausted in the state courts. However, Respondents argue that a portion of claim 2, claim 3, and claim 5 are not cognizable in a habeas action; and that a portion of claim 2, claim 4, and claim 7 are not exhausted in the state courts and are now procedurally defaulted.

## II.  Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  In addition, "[t]he exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."  *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  Mr. Pena's *pro se* status does not exempt him from the requirement

of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

With respect to Mr. Pena's second claim, Respondents have identified four sub-claims within this claim: (a) the state court erred in permitting admission of a prior assault and sexual assault because they were inadmissible under state rules of evidence; (b) the assault and sexual assault were inadmissible hearsay under the Colorado Rules of Evidence; (c) admission of the assault and sexual assault violated Mr. Pena's due process right to a fair trial; and (d) admission of the assault and sexual assault violated the confrontation clause. *See* Pre-Answer Resp. at 16.

Respondents argue that subclaims 2(a) and 2(b) are not cognizable in this action, because they do not assert violations of the federal constitution or statutes. Indeed, violations of state law are not cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2254 (district court shall entertain application of a writ of habeas corpus only if the petitioner is in custody in violation of the Constitution or laws treaties of the United States); *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) ("A habeas

5

petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law") (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  The Court finds that claims 2(a) and 2(b) do not assert violations of the federal constitution or statute; instead, they are limited to arguments that the state court violated Colorado state rules of evidence.  Therefore, these claims are not properly asserted in a habeas corpus action, and they will be dismissed.

With respect to claim 2(c), in which Mr. Pena asserts that admission of the assault and sexual assault violated his due process right to a fair trial, Respondents argue that this claim is unexhausted because Mr. Pena relied only on Colorado case law when he presented this claim to the state courts.  Pre-Answer Resp. at 18.  Respondents therefore argue that Mr. Pena failed to present this claim to the state courts as asserting a federal constitutional question.  *Id.*

Upon review of the claim, the Court agrees that Mr. Pena failed to present the claim as a federal constitutional one in the state courts.  Although he labeled the claim as asserting a "due process" violation, Mr. Pena failed to cite to any United States Supreme Court authority.  See Pre-Answer Resp. at Ex. Q, p. 27.  Instead, Mr. Pena relied only on Colorado state case law in developing his argument that the trial court abused its discretion admitting this evidence.  *Id.*  In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Pena alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim.  Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated.  *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury

instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that Mr. Pena has failed to exhaust state court remedies for claim 2(c).

Moreover, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Mr. Pena from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). The Court finds that Mr. Pena has procedurally defaulted claim 2(c).

Mr. Pena also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim 2(c), therefore, is procedurally barred from federal habeas review and will be dismissed.

7

In claim three, Mr. Pena asserts that the trial court erred by failing to give the special credibility instruction required by Colorado Revised Statute § 13-25-129. Application at 40-42.  In claim five, Mr. Pena asserts that the trial court erred in admitting graphic post-mortem pictures of the victim.  Application at 50-51. Respondents again argue that these claims are not cognizable in a habeas corpus action, because they assert only violations of Colorado state law.  The Court agrees. These claims do not assert a violation of the federal constitution or statutes, and therefore, they are is not cognizable in a habeas corpus action.  Claims three and five will be dismissed.

In claim four, Mr. Pena asserts that admission of several pieces of evidence violated his right to due process.  However, Mr. Pena again failed to raise this claim in the state courts as asserting a federal constitutional violation.  Mr. Pena failed to cite to any United States Supreme Court authority.  See Pre-Answer Resp. at Ex. Q, p. 27. Instead, Mr. Pena relied only on Colorado state case law in developing his argument that the trial court abused its discretion admitting this evidence.  *Id.*  Accordingly, the Court finds that Mr. Pena has failed to exhaust state court remedies for claim four.  *See, e.g., Anderson*, 459 U.S. at 78; *Picard*, 404 U.S. at 276-77; *see also Thomas*, 218 F.3d at 1221.

Further, Mr. Pena is now procedurally barred from raising this claim in the state courts.  *See* Colo. R. Crim. P. 35(c)(3)(VI); Colo. R. Crim. P. 35(c)(3)(VII); *see also Bastardo*, 646 P.2d at 383.  Mr. Pena also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  Claim

four, therefore, is procedurally barred from federal habeas review and must be dismissed.

In Mr. Pena's seventh claim, he alleges that "based on all the constitutional errors included herein . . . the aggregate effect of the combined constitutional errors cannot be deemed harmless." Application at 64.  Respondents argue that this claim is unexhausted in the state courts and is now procedurally defaulted.  The Court finds that Mr. Pena did not raise a claim of cumulative error on direct appeal.  *See* Pre-Answer Resp. at Ex. Q.  On post-conviction appeal, Mr. Pena raised a claim that the cumulative effect of his trial counsel's errors warranted a new trial.  *Id.* at Ex. H, p. 27-28.  Likewise, in the claim of ineffective assistance of counsel that Mr. Pena raises in this action (claim six), he asserts that the cumulative effect of his trial counsel's errors warranted a new trial.  However, Mr. Pena has not presented the broader claim of cumulative error that is set forth in his seventh claim to the state courts.  Therefore, claim seven is unexhausted.

In addition, the Colorado Rules of Criminal Procedure prevent Mr. Pena from now raising this claim, *see* Colo. R. Crim. P. 35(c)(3)(VII).  Mr. Pena also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  As a result, the Court finds that claim seven is procedurally barred from federal habeas review and must be dismissed.

In conclusion, the Court finds that claims 2(c), 4, and 7 are procedurally defaulted, and that claims 2(a), 2(b), 3 and 5 are not cognizable in a habeas corpus action.  The claims that Mr. Pena has exhausted in the state courts and that remain

pending in this action are claims 1, 2(d) and 6.  Respondents will be directed to file an Answer that fully addresses the merits of Mr. Pena's exhausted claims.  Accordingly, it is

ORDERED that Claims 2(a), 2(b), 2(c), 3, 4, 5, and 7 are **DISMISSED** for the reasons set forth above.  It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claims 1, 2(d) and 6.  It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

Dated:  September 4, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE